**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-2986

POLLY BACA and ROBERT NEMANICH,

Plaintiffs

v.

JOHN W. HICKENLOOPER JR., in his official capacity as Governor of Colorado, CYNTHIA H. COFFMAN, in her official capacity as Attorney General of Colorado, and WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of State.

Defendants.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, through undersigned counsel, for their complaint against the above-named defendants avers as follows.

**General, Jurisdictional and Venue Allegations**

1. Polly Baca is a resident of the City and County of Denver, Colorado and, pursuant to C.R.S. §1-4-302, is an elector.

2. Robert Nemanich is a resident of El Paso County, Colorado and, pursuant to C.R.S. §1-4-302, is an elector.

3. Defendant John W. Hickenlooper is the Governor of Colorado and, as its chief executive, has the power to enforce the laws of the State of Colorado, including C.R.S. § 1-4-304(5).

4. Defendant Cynthia H. Coffman is the Attorney General of Colorado and, in such capacity, enforces the laws of the State of Colorado, including C.R.S. § 1-4-304(5).

5. Defendant Wayne W. Williams is the Secretary of State of Colorado and, as such, gives notice of the time and place for the Presidential Electors to vote, provides documents pursuant to C.R.S. § 1-4-304, certifies the results of the Presidential Electors' balloting and votes, and, upon information and belief has authority to replace a Presidential Elector.

6. This Court has jurisdiction over the subject matter of this dispute as it relates to a federal question, 28 U.S.C. § 1331 as well as 28 U.S.C. §§ 2201 and 2202.

7. The federal question presented by this case is the constitutionality of Colorado's Presidential Electors statute, C.R.S. § 1-4-304(5), which requires electors to vote "for the presidential candidate and, by separate ballot, vice-presidential candidate who received the highest number of votes at the preceding general election in this state." This statute violates Article II of the U.S. Constitution, the First Amendment, the Twelfth Amendment, and the Fourteenth Amendment.

8. Unless this Court issues the relief requested, Plaintiffs' constitutional rights will be violated by Colorado, through the various Defendants. No state, including Colorado, can compel any person, including Plaintiffs, to cast his or her vote for any particular candidate whether in a general election, a special election, or the convention of the Presidential Electors. Further, any state law that dilutes the votes of its electors violates the Equal Protection Clause.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## Claim for Relief

10. Plaintiffs incorporate the prior allegations as if fully set forth herein.

11. Plaintiffs were nominated as a Presidential Elector at the Democratic Convention held on April 16, 2016. Each is a duly authorized Presidential Elector of the Democratic Party and have met all qualifications to be an elector.

12. Plaintiffs were required to sign an affidavit at the time they became Presidential Electors affirming that they would cast their ballots on December 19, 2016 for the Democratic Presidential and Vice-Presidential candidates. *See* Affidavits of Plaintiffs attached at Exhibit 1.

13. The Democratic Presidential candidate is Hillary Rodham Clinton. The Democratic Vice-Presidential Candidate is Timothy Kaine.

14. Though the Democratic nominees for President and Vice-president won the nationwide popular vote by at least 2.5 million votes, the various states' popular votes portend that Donald Trump and Michael Pence (the Republican presidential and vice presidential nominees) will win the majority of electoral college votes on December 19, 2016 if the electors in each state vote consistent with the popular vote in their respective states.

15. Many states, including Colorado, require their Presidential Electors to vote consistent with the popular vote in the state. Thus, despite the plain language of Article II of the U.S. Constitution, as amended by the Twelfth Amendment, and the Founders' intent that the Presidential Electors be a deliberative and independent body free to cast votes for whomever they deem to be the most fit and qualified candidates, Messrs. Trump and Pence – if the state statutes are enforced – may "win" the election while also losing, by historical margins, the nationwide popular vote.[1]

16. Plaintiffs believe that Donald Trump is unfit for office due to, *inter alia*, his myriad conflicts of interests; his foreign business dealings; his belief – against all facts – that climate change and global warming are a "hoax;" the criminal and civil claims currently pending against him; his temperament; his promises to discriminate against Muslims and Latinos; his

---

[1] To place Trump's win/loss in context, he obtained 46.3% of votes in 2016. Mr. Romney obtained 47.2% of votes in 2012; Mr. McCain 45.7% of the votes in 2008; Mr. Kerry obtained 48.5% of the vote in 2004; and in 2000, Mr. Gore obtained 48.4% of the popular vote while President Bush obtained 47.9% of the popular vote.

recent correspondence regarding his personal business dealings with the governments of India and Argentina; his lack of experience (most recently embodied by his call with Taiwan); his selection for Attorney General a person who failed confirmation hearings in the 1980's due to sworn testimony that he was racist; his selection for Secretary of Education who lacks any teaching degree or experience, has likely never attended public schools, has refused to send her children to public schools, and has a vested interest in for-profit schools; his prior bankruptcies; his refusal to provide information regarding his investments and holdings; his penchant for nepotism; and his threats to use nuclear weapons against other sovereign nations. *See* Exhibit 1.

17. Plaintiffs believe that Michael Pence is unfit for office due to, *inter alia*, his refusal to comply with federal law including *Obergefell v. Hodges* and *Roe v. Wade*; his hostility towards the freedom of and from religion (particularly any religion other than Christianity); his efforts to shut down the federal government unless Planned Parenthood was prohibited from receiving federal funds; his belief – against all facts – that evolution, climate change, and global warming are "myths;" his support for "conversion therapy" which seeks to "convert" homosexuals through methods such as forcing people to engage in heterosexual intercourse; and his discriminatory policies and statements regarding communities of color. *See* Exhibit 1.

18. Though Hillary Clinton and Timothy Kaine won the majority vote in Colorado and are qualified for office, Plaintiffs cannot be constitutionally compelled to vote for them. Plaintiffs are entitled to exercise their judgment and free will to vote for whomever they believe to be the most qualified and fit for the offices of President and Vice President, whether those candidates are Democrats, Republicans, or from a third party. For example, Plaintiffs may vote for a consensus candidate, other than Clinton or Trump, upon whom electors from both parties and along the ideological spectrum can agree, so as to prevent the unqualified Mr. Trump and Mr. Pence from ascending to the highest offices in the United States. *See* Exhibit 1.

19. The Colorado Secretary of State has stated that he would "remove the elector" who failed to "vote for the presidential/vice-presidential ticket that receives the most votes in the state" and would "seat a replacement elector." *Id.*

20. Upon information and belief, the Attorney General, at the direction of the Governor, would enforce and support the actions of the Secretary of State. *Id.*

21. Removing Plaintiffs and replacing them violates Article II and the Twelfth Amendment. Article II as amended by the Twelfth Amendment, provides that Plaintiffs "shall … vote by ballot for President and Vice President." Nothing within the Constitution permits states to remove and replace duly appointed and elected electors.

22. Colorado's binding statute perpetuates a violation of the Equal Protection Clause of the Fourteenth Amendment by diluting the votes of Colorado's electors.

23. Removing Plaintiffs and replacing them violates the First Amendment's guarantees of freedom of speech. Voting, *i.e.* political speech, is the highest and most protected form of speech. Removing Plaintiffs and replacing them compels speech in violation of the First Amendment.

24. The purpose of the Electoral College, which is made up of electors such as Plaintiffs, is to elect the President and Vice President of the United States. There is nothing in the Constitution that permits or requires electors to vote the same as the popular vote in their states. For the first 100 years of our history, the majority of states did not hold popular votes for the election of president and vice president and, instead, the states themselves appointed the electors who voted for president and vice president.

25. Alexander Hamilton explicitly stated "that that the immediate election should be made by men most capable of analyzing the qualities adapted to the station." Federalist No. 68. The electors (the "men") would be "most likely to possess the information and discernment

requisite to such complicated investigations." *Id.* The electors were created so that they, as a deliberative body, would be "detached" and less prone to be influenced by the "heats and ferments" of a raucous election. *Id.* The electors would help ensure "the office of President [would] never fall to the lot of any man who is not in an eminent degree endowed with the requisite qualifications." *Id.* The electors create an "obstacle" to "cabal, intrigue, and corruption" and prevent "foreign powers [from] gain[ing] an improper ascendant in our councils." *Id.* The Electoral College, then, including Plaintiffs, must be free to vote for any candidate so as to avoid electing someone, such as Messrs. Trump and Pence, who only have "[t]alents for low intrigue, and the little arts of popularity." *Id.*

26.     While the requirement that Plaintiffs sign a pledge is constitutional pursuant to *Ray v. Blair*, 343 U.S. 214 (1952), the Supreme Court left open the question of whether enforcement of such pledges, or penalties for violating the pledges, was constitutional.

27.     Similarly, while Article II, Section 1 provides that states "shall appoint, in such Manner as the Legislature thereof may direct," electors, the Constitution does not provide that the states shall have the ability to penalize electors or remove electors. Once an elector is appointed, removal of the elector violates Article II.

28.     Removing an elector for refusing to vote in conformance with the popular vote in his or her respective state, as set forth above, is tantamount to compelled speech. It also renders superfluous the Electoral College and is antithetical to the purpose of the Electoral College as articulated by Alexander Hamilton, for if the electors are merely to vote for the candidate who won the popular vote in their state, then there is no need for the Electoral College at all. Also, by forcing electors to vote a certain way, Colorado has created a winner-take-all system when it comes to awarding its electoral votes, a system that violates the Equal Protection Clause because it dilutes Colorado's electors' votes.

29. Injunctive relief is necessary to prevent the Defendants from violating Plaintiffs' constitutional rights. Without such relief, the Defendants will remove Plaintiffs as electors and replace them with someone who will presumably vote the way Defendants want him/her to vote and Plaintiffs' rights will be irreparably harmed. Plaintiffs will be precluded from voting for the President and Vice President since the "general" election on November 8, 2016, in which Plaintiffs cast a ballot for President and Vice President, was not an actual vote for the President and Vice President, but rather a vote for electors. *See* Colorado Constitution, Schedule, Section 20 ("after the year [1876] the electors of the electoral college shall be chosen by direct vote of the people.").

30. This Court can provide declaratory relief because an actual and substantial controversy now exists between Plaintiffs and the Defendants with respect to Plaintiffs' rights and Defendants' rights and duties under C.R.S. § 1-4-304(5). Plaintiffs' constitutional rights will be directly, substantially, and irreparably violated, affected, and injured unless and until this Court declares any law or regulation requiring electors to vote consistent with the popular vote in their state, and any law or regulation removing or otherwise penalizing an elector for not doing so, is unconstitutional.

WHEREFORE, Plaintiff asks the Court to:

A. Enter an order declaring C.R.S. § 1-4-304(5) unconstitutional under Article II, Section 1, Amendment I, Amendment XII, and Amendment XIV of the U.S. Constitution;

B. Enter an order permanently enjoining the Defendants from removing and/or replacing any presidential elector who votes for a presidential or vice presidential candidate who did not receive the highest number of votes in a general election in Colorado immediately preceding the convention of the electors; and

C. For all such other relief as the Court deems just and proper.

Dated this 6th day of December 2016.

By: _____
Jason B. Wesoky, Esq.
Attorney for Plaintiff
1331 17th Street, Suite 800
Denver, CO 80202
Telephone: (303) 623-9133
Facsimile: (303) 623-9129
E-mail: jwesoky@dmhlaw.net

## VERIFICATION

STATE OF COLORADO   )
                    )  ss.
COUNTY OF DENVER    )

I, Polly Baca, swear and affirm that the allegations in the above Complaint are true and correct to the best of my knowledge.

_____
Polly Baca

The foregoing document was acknowledged before me this 6th day of December, 2016, by Polly Baca.

Witness my hand and official seal.

_____
Notary Public

My commission expires: 9/16/2019

LEIGH AN JASKIEWICZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154036733
MY COMMISSION EXPIRES SEPT. 16, 2019

8