IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-2986-WYD-NYW

POLLY BACA and ROBERT NEMANICH,
    Plaintiffs,
v.

JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of the State of Colorado, WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of State, CYNTHIA H. COFFMAN, in her official capacity as Colorado Attorney General,
    Defendants, and

COLORADO REPUBLICAN COMMITTEE, DONALD J. TRUMP, and DONALD J. TRUMP FOR PRESIDENT, INC.,
    Intervenors.

## DEFENDANTS' MOTION TO STAY DISCOVERY AND DISCLOSURES AND FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

Defendants, John w. Hickenlooper, Jr., in his official capacity as Governor of the State of Colorado, Wayne W. Williams, in his official capacity as Colorado Secretary of State, and Cynthia H. Coffman, in her official capacity as Colorado Attorney General, move to stay discovery and disclosures and for a protective order under FED. R. CIV. P. 26(c), as follows.

D.C. COLO.LCivR 7.1(a) CERTIFICATION: Defendants' counsel conferred in good faith with all counsel regarding the relief requested by this Motion. Intervenors' counsel stated he did not oppose the relief requested by this Motion. Plaintiffs' counsel stated he would likely not oppose staying discovery if Defendants first served their initial disclosures under FED. R. CIV. P. 26(a)(1) containing certain requested information. As explained below, because moving forward with either discovery or initial disclosures would be unduly burdensome, Defendants request that *both* be stayed pending the Court's resolution of Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are two presidential electors who challenge Colorado's statute that binds them to cast their ballots in the Electoral College for the Presidential and Vice-Presidential candidates who received the most votes in Colorado at the preceding general election. Colo. Rev. Stat. § 1-4-304(5). This Court previously denied their request for a Temporary Restraining Order and Preliminary Injunction, finding that Plaintiffs "do not have a substantial likelihood of prevailing on the merits of their claim." Doc. 27, p. 5. To the contrary, the Court concluded that Colorado's binding statute is "legally enforceable." *Id.* at 12. On December 16, 2016, the Tenth Circuit declined to grant Plaintiffs' emergency motion seeking an injunction pending appeal. Doc. 26.

After the denial of Plaintiffs' requested injunction, Plaintiffs cast their Electoral College ballots on December 19, 2016 for the Presidential and Vice-Presidential candidates who obtained the most votes in Colorado, Hillary Clinton and Tim Kaine. Doc. 28, p. 10. A different elector, Micheal Baca, did not cast his Electoral College ballot for President for Hillary Clinton. *Id.* His office was deemed vacant and he was replaced with a new elector via a majority vote of the remaining electors. *Id.* Thereafter, Secretary Williams referred Micheal Baca, a non-party here, to the Attorney General's office for investigation. *Id.*

Afterwards, during counsel's conferral regarding the proposed scheduling order, Defendants' counsel proposed staying discovery and disclosures pending the Court's resolution of Defendants' forthcoming Motion to Dismiss. Plaintiffs' counsel in response stated that he anticipates seeking discovery on several topics, including: information relating to Secretary Williams' press release and all related correspondence that came out the day the Complaint was filed; the events after the Preliminary Injunction hearing; Secretary Williams' efforts to change

the presidential electors' oath; Secretary Williams' referral of Micheal Baca to the Attorney General's office for investigation; and the voting of the presidential electors in the Electoral College. Plaintiffs' counsel stated that, while he may be amenable to staying discovery pending resolution of the Motion to Dismiss, he would first have to review Defendants' initial disclosures to determine if they were "robust" and contained the above information.

Defendants anticipate filing a Motion to Dismiss all claims on or before their responsive pleading deadline, challenging both subject matter jurisdiction and the legal sufficiency of Plaintiffs' claims.

## ARGUMENT

### I.  Discovery and disclosures should be stayed pending the Court's resolution of the Motion to Dismiss.

Federal courts recognize that staying discovery and disclosure deadlines may be appropriate when an early dispositive motion may fully resolve the case. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc*., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Colo. ex rel. Suthers v. Western Sky Fin., L.L.C*., No. 11-cv-00887-RED-KMT, 2011 WL 2457861, *3 (D. Colo. June 20, 2011) (citing *Vivid Techs*.); *String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 05-cv-01934-LTB-PAC, 2006 WL 894955, *6 (D. Colo. March 30, 2006) (temporarily staying case "to allow for the potential of a ruling on the motion to dismiss").[1] The decision is within the Court's discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

---

[1] All unreported decisions cited herein are attached as Exhibit A.

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The civil rules, while not expressly contemplating a stay of discovery, permit the Court to "issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." FED. R. CIV. P. 26(c)(1)-(c)(1)(A). The courts have interpreted this rule to authorize a stay of discovery to fully resolve a dispositive motion. *See Western Sky*, 2011 WL 2457861, *1–2 (citing Rule 26).

In considering a stay, courts consider (1) the plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, (2) the burden on the defendants, (3) the convenience to the court, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. *Western Sky*, 2011 WL 2457861, *3 (citing *FDIC v. Renda*, No. 85-2216-0, 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)); *String Cheese*, 2006 WL 894955, *4-5 (same).

Here, each of these factors weighs in favor of staying discovery and disclosures:

- *Plaintiffs' Interest*. Plaintiffs will suffer no prejudice from staying discovery and disclosures until after the Motion to Dismiss is resolved. The Electoral College members met and cast their ballots on December 19, 2016, and Congress accepted the Electoral College results on January 6, 2017. 163 CONG. REC. H189–H190 (daily ed. Jan. 6, 2017). Accordingly, the urgency underlying Plaintiffs' preliminary injunction motion no longer exists. Moreover, because the Complaint's well-pled allegations are accepted true on a Motion to Dismiss, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), Plaintiff will have no need to "gather facts" in order to respond to the Motion to Dismiss.

- *Burden on Defendants*. The burden to Defendants if a stay is not granted is conversely high. The Secretary of State's office, for example, estimates that retrieving the materials requested by Plaintiffs' counsel for initial disclosures will require electronically searching through the inboxes and files of 19 of its employees, or approximately one-sixth of its entire workforce. *See* Exhibit B, p. 2 (declaration of Megan E. Waples, Policy Analyst for the Secretary of State). The Secretary's preliminary searches for potentially relevant documents have identified over 7,000 records. *Id.* Based on prior litigation experience, the process of reviewing those voluminous materials for responsiveness and privilege is estimated to consume approximately 150 hours of combined attorney and employee time. *Id.* These burdens are in addition to the regular day-to-day duties imposed on the Secretary's limited staff. This extensive process is made all the more burdensome by the fact that the Secretary's office does not utilize an in-house E-discovery platform or software. *Id.* Accordingly, a stay is warranted to avoid forcing Defendants to engage in burdensome discovery and disclosures that may ultimately be unnecessary. *See String Cheese*, 2006 WL 894955, *4 (finding that "subjecting a party to discovery when a motion to dismiss … is pending may subject him to undue burden or expense").
- *Convenience to the Court*. The convenience to the Court will be improved if discovery and disclosures are stayed. Both this Court and the Tenth Circuit have already cast doubt on the merits of Plaintiffs' claims. Doc. 27, 26. Thus, staying discovery and disclosures on claims that may well be dismissed will relieve this Court from having to needlessly go to the trouble of overseeing scheduling issues and adjudicating discovery disputes. *See Nguyen v. Am. Family Mut. Ins. Co*., No. 15-cv-

00639-WJM-KLM, 2015 U.S. Dist. LEXIS 106643, *4 (D. Colo. Aug. 13, 2015) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2005) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

- *Interests of Non-Parties*. As indicated, Plaintiffs' counsel has informed the undersigned that he may seek discovery on Secretary Williams' referral of Micheal Baca to the Attorney General's Office for potential criminal prosecution for violating the presidential electors' oath. Although discovery on this topic is likely not relevant to the claims in Plaintiffs' Complaint, if discovery is allowed then information may be sought from Micheal Baca via deposition or otherwise. But Mr. Baca may elect to exercise his Fifth Amendment right to remain silent pending the resolution of any potential criminal case. Thus, the interests of Mr. Baca, a non-party to this case, favors staying civil discovery and disclosures pending resolution of the Motion to Dismiss and any potential criminal case. *See White v. Mapco Gas Products, Inc.*, 116 F.R.D. 498, 503 (E.D. Ark. 1987) ("The interest of non-parties against self-incrimination is an important factor in favor of staying civil discovery.").

- *Public Interest*. The public has an interest in the "efficient and just" resolution of this case. *Nguyen*, 2015 U.S. Dist. LEXIS 106643, *5. "Avoiding wasteful efforts by the Court and litigations serves this interest." *Id.* Accordingly, this final factor favors granting a stay of discovery and disclosures. *See id.*

Accordingly, because each factor bearing on whether to stay civil discovery and disclosures favors a stay, Defendants respectfully request this Court enter an Order staying all discovery and disclosures pending the Court's resolution of Defendants' Motion to Dismiss.

Respectfully submitted this 12th day of January, 2017.

CYNTHIA H. COFFMAN
Attorney General

s/ *Grant T. Sullivan*

LEEANN MORRILL, 38742*
First Assistant Attorney General
MATTHEW D. GROVE, 34269*
Assistant Solicitor General
GRANT T. SULLIVAN, 40151*
Assistant Solicitor General

Public Officials Unit / State Services Section
Attorneys for Defendants
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: 720 508-6000
FAX: 720 508-6041
E-Mail: leeann.morrill@coag.gov
matt.grove@coag.gov
grant.sullivan@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2017, I served a true and complete copy of the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY AND DISCLOSURES AND FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)** upon all parties through ECF:

Jason Wesoky
1331 17th Street, Ste. 800
Denver, CO 80202
*Attorney for Plaintiffs*

Christopher O. Murray
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4432
*Attorney for Intervenors*

                                                   *s/ Terri Connell*