## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-2986-WYD-NYW

POLLY BACA and ROBERT NEMANICH,

Plaintiffs

v.

JOHN W. HICKENLOOPER JR., in his official capacity as Governor of Colorado, CYNTHIA H. COFFMAN, in her official capacity as Attorney General of Colorado and individually, and WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of State and individually.

Defendants, and

COLORADO REPUBLICAN COMMITTEE, DONALD J. TRUMP, and DONALD J. TRUMP FOR PRESIDENT, INC.,

Intervenors.

---

### PLAINTIFFS' MOTION TO AMEND UNDER FED. R. CIV. P. 15(a)(2)

---

Plaintiffs, through undersigned counsel, hereby respectfully move to amend their complaint under Fed. R. Civ. P. 15(a)(2) and in support state as follows:

**D.C.COLO.LCivR 7.1 Certificate of Conferral:** Undersigned counsel conferred with Defendants' counsel regarding the relief requested. Defendants' counsel advised Defendants took no position on the motion at present and would take a position after reviewing the motion and the amended complaint.

### <u>INTRODUCTION</u>

Defendants have moved to dismiss Plaintiffs' complaint. No discovery has occurred in this case, no scheduling order entered and no dates set for motions or trial. The case is in its infancy. Plaintiffs now seek leave to file an Amended Complaint adding some factual allegations

and additional theories for redress. Under the liberal rules for amendment of pleadings the Court should grant the motion and accept for filing the amended complaint submitted with this motion.

## REASONS FOR AMENDMENT

After the complaint was filed and after this Court and the Tenth Circuit addressed the emergency and injunctive relief requested, Plaintiffs voted as members of the Electoral College. The events leading up to and during that vote gave rise to new claims under 28 U.S.C. § 1983 that Plaintiffs seek to redress both for the past actions and to enjoin prospectively.

Defendants' actions in changing the oath of the Electors and threatening criminal sanctions against Plaintiffs for violating their oath if they did not vote for Hillary Clinton and Tim Kaine violated Plaintiffs' rights to vote without intimidation and coercion and their First Amendment rights. Defendants' actions in removing an Elector after he cast his ballot for President further threatened, coerced, and intimidated Plaintiffs even further convincing Plaintiffs that in order to avoid criminal prosecution, they had to vote for Hillary Clinton and Tim Kaine even if they believed under Article II and the Twelfth Amendment of the Constitution that they were not required to do so.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides for amendment of pleadings. It provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party." A motion to amend a complaint is directed to the trial court's discretion." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, (1971). That discretion is limited by the Rule itself which states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In light of the Rule's purpose, which is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than

on procedural niceties," amendments should be liberally granted. *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." Foman v. Davis, 371 U.S. 178, 182(1962).

## ARGUMENT

The motion should be granted because there has been no undue delay. Undue delay "is one of the justifications for denying a motion to amend." *Id*. at 182. Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed. R. Civ. P. 15(a). The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) ("[D]elay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." (internal citations and quotation marks omitted)).   Here there is no undue delay as Defendants have just filed a motion to dismiss the original complaint, no scheduling order has been entered, no discovery set and no trial date scheduled. This case is at early stage.

A motion to amend may be denied if the plaintiff is using Rule 15 to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998), to "salvage a lost case by untimely suggestion of new theories of recovery," *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001), to present "theories seriatim" in an effort to avoid dismissal, *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), or to "knowingly delay[] raising [an] issue until the 'eve of trial,'" *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995). Here none of these events have occurred. Plaintiffs by the proposed Amended complaint are asserting theories to avert dismissal on mootness and standing grounds raised by Defendants and asserting more fleshed out theories for redress. Plaintiffs are also adding factual allegations to support those theories. Moreover, the core issue remains – the constitutionality of C.R.S. § 1-4-304.

The second, and most important, factor in addressing a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party. "Rule 15…was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, (1960). *See also* 6 Wright, Miler & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."); *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)).

Prejudice to the defendant exists only when the amendment unfairly affects it "in terms of preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. *Compare Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial"), *with Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims").

Here the amended complaint arises out of the very facts in the original complaint, the Defendants have not prepared or conducted any discovery and will not be placed at any disadvantage if required to address the claims in the amended complaint. No trial has been set and Defendants are free to address the amended complaint via motions to dismiss and summary judgment if they deem such appropriate. Their "defense" will not be harmed by this early amendment.

Plaintiffs' proposed amended complaint is not proposed in bad faith or merely for the purpose of delay. As above noted, this case is in its early stages and Plaintiffs' are attempting to cure jurisdictional deficiencies alleged by defendants and to offer new theories of redress in this unique factual setting. Also there is certainly no repeated failure to cure deficiencies by amendments previously allowed – this is the first amendment of the complaint.

Leave to amend can be denied when amendment would be futile only if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The futility inquiry, to the extent that Defendants may "have viable grounds for dismissing" the

proposed First Amended Complaint, "such arguments are more efficiently raised in the context of a Rule 12 motion, rather than indirectly under Rule 15(a)." *Estate of Dixon v. Bd. of County Comm'Rs*, No. 15-cv-02727-NYW, 2016 U.S. Dist. LEXIS 33315 (D. Colo. March 11, 2016). *See, e.g., Fuller v. REGS, LLC*, No. 10-cv-01209-WJM-CBS, 2011 U.S. Dist. LEXIS 38431, 2011 WL 1235688, *3 (D. Colo Mar. 31, 2011); *JDK, LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 U.S. Dist. LEXIS 135411, 2015 WL 5766466, *2 (D. Colo. Oct. 2, 2015) ("With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where Defendants' arguments are better suited for consideration in the context of their Motions to Dismiss."). Indeed, in considering a motion to amend, a futility analysis "seems to place the cart before the horse." *General Steel Domestic Sales, LLC v. Steelwise*, No. 07-cv-01145-DME-KMT, 2008 U.S. Dist. LEXIS 111978, 2008 WL 2520423, *4 (D. Colo. June 20, 2008).

Futility arguments are more effectively raised and argued in a separate dispositive motion, which gives opportunity under Fed.R.Civ.P. 12(b) to seek dismissal, while complying with the liberal amendment policy of Fed.R.Civ.P. 15(a) and avoiding prejudice against the opposing party. This comports with the Tenth Circuit's emphasis that the purpose of Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

For the forgoing reasons the Court should grant Plaintiffs' Motion for Leave to File an Amended Complaint which Amended Complaint has been tendered to the Court with this Motion.

Respectfully submitted this 28th day of February, 2017.

By:     */s/ Jason B. Wesoky*
        Jason B. Wesoky, Esq.
        1331 17th Street, Suite 800
        Denver, CO 80202
        Phone:     (303) 623-9133
        Fax:        (303) 623-9129
        E-mail:     jason.w@hamiltondefenders.org

        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of February, 2017, a true and correct copy of the above and foregoing **PLAINTIFFS' MOTION TO AMEND UNDER FED. R. CIV. P. 15(a)** was filed with the Court and served as via ECF/Pacer on the following:

Grant T. Sullivan
LeeAnn Morrill
Matthew David Grove
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Phone: (720) 508-6349
Fax:    (720) 508-6038
Email: grant.sullivan@coag.gov
Email: leeann.morrill@coag.gov
Email: matt.grove@coag.gov

*Attorneys for Defendants*
*JOHN W. HICKENLOOPER, JR., CYNTHIA H. COFFMAN,*
*and WAYNE W. WILLIAMS*

Christopher Owen Murray
Brownstein Hyatt Farber Schreck, LLP-Denver
410 17th Street, Suite 2200
Denver, CO 80202-4432
Phone: (303) 223-1100
Fax:    (303) 223-1111
Email: cmurray@bhfs.com

*Attorney for Intervenors*
*COLORADO REPUBLICAN COMMITTEE, DONALD J.*
*TRUMP, and DONALD J. TRUMP FOR PRESIDENT, INC.*

/s/ Audrey Dakan
Audrey Dakan, Paralegal