**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02986-WYD-NYW

POLLY BACA and ROBERT NEMANICH,

    Plaintiffs

    v.

JOHN W. HICKENLOOPER JR., in his official capacity as Governor of Colorado,
CYNTHIA H. COFFMAN, in her official capacity as Attorney General of Colorado and individually, and
WAYNE W. WILLIAMS, in his official capacity as Colorado Secretary of State and individually,

    Defendants, and

COLORADO REPUBLICAN COMMITTEE, DONALD J. TRUMP, and DONALD J. TRUMP FOR PRESIDENT, INC.,

    Intervenors.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants' Motion to Stay Discovery and Disclosures and for Protective Order Under Fed. R. Civ. P. 26(c) ("Motion to Stay") filed by Defendants John W. Hickenlooper, Cynthia H. Coffman, and Wayne W. Williams (collectively, "Defendants"). [#31, filed January 12, 2017]. The Motion to Stay is before the undersigned Magistrate Judge pursuant to the Order Referring Case dated December 8, 2016 [#8] and the memorandum dated January 13, 2017 [#33]. After carefully reviewing the Motion and associated briefing, the entire case file, and the applicable case law, IT IS ORDERED that the Motion to Stay is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Polly Baca and Robert Nemanich initiated this action on December 6, 2016, by filing a Complaint in which they contend that Colorado's binding presidential elector statute, Colo. Rev. Stat. § 1-4-304(5), is unconstitutional. [#1]. At the time Plaintiffs filed their Complaint, they were two of nine appointed presidential electors and were selected to vote for the candidates who received the majority of Colorado's electorate vote. On November 8, 2016, Hillary Clinton and Timothy Kaine won the majority of Colorado's votes, and thus Plaintiffs were tasked with the duty to vote for Ms. Clinton and Mr. Kaine when the Electoral College met on December 19, 2016. The Complaint asserts one claim for relief, and seeks declaratory relief that Colo. Rev. Stat. § 1-4-304(5) is unconstitutional under Article II of the U.S. Constitution, the Twelfth Amendment, the First Amendment, and the Fourteenth Amendment's Equal Protection Clause, and permanent injunctive relief from Defendants "removing and/or replacing any presidential elector who votes for a presidential or vice presidential candidate who did not receive the highest number of votes in a general election in Colorado immediately preceding the convention of the electors." [#1 at 7].

At the time they filed their Complaint, Plaintiffs also filed a Motion for Temporary Restraining Order and Preliminary Injunction, in which they asked the court to *inter alia* enjoin Defendants from removing or replacing them as electors, compelling them to vote for certain candidates, precluding them from voting for any candidates, "or otherwise interfering with the vote of the electors on December 19, 2016." [#2 at 14]. On December 9, 2016, Defendants filed a Response arguing that section 1-4-304 is constitutional, and that Plaintiffs lack standing and are barred by the doctrine of laches with respect to their First and Fourteenth Amendment claims.

[#13]. The same day, the Colorado Republican Committee filed a Motion to Intervene, [#11], along with a Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 11-1]. Then-President Elect Donald J. Trump and Donald J. Trump for President, Inc. also filed a Motion to Intervene. *See* [#16]. The court granted the motions. *See* [#15, #18].

On December 12, 2016, the presiding judge, the Honorable Wiley Y. Daniel, held a hearing at which he denied the Motion for Temporary Restraining Order and Preliminary Injunction on the record. *See* [#19]. Senior Judge Daniel thereafter issued a written order memorializing his ruling. *See* [#27]. On December 13, 2016, Plaintiffs appealed Senior Judge Daniel's ruling to the Tenth Circuit Court of Appeals and concurrently filed an emergency motion seeking an injunction pending appeal, which the Tenth Circuit denied in an order issued December 16, 2016. [#20, #26]. Plaintiffs subsequently voluntarily dismissed their appeal. *See* [#29].

On January 12, 2017, Defendants filed the pending Motion to Stay, in which the Intervenors joined. [#31, #32]. Defendants ask the court to stay discovery and the exchange of Federal Rule of Civil Procedure 26(a)(1) disclosures until it resolved what was then a forthcoming motion to dismiss. *See* [#31]. The following day, the Colorado Republican Committee, Donald J. Trump, and Donald J. Trump for President (collectively, "Intervenors") joined the pending Motion to Stay. [#32]. In light of the Motion to Stay, this court vacated the Scheduling Conference it had set for January 18, 2017, noting it would reset the Scheduling Conference at a later time if appropriate. *See* [#34]. On January 31, 2017, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See* [#35].

On February 28, 2017, as the Parties were briefing the Motion to Stay and Motion to Dismiss, Plaintiffs filed a Motion to Amend their Complaint. The proposed Amended Complaint identifies four claims for relief: declaratory relief as to Plaintiffs' constitutional rights with respect to Colo. Rev. Stat. §§ 1-4-304(5) and 1-13-723[1]; violation of Plaintiffs' Twelfth Amendment rights and rights provided under 18 U.S.C. § 594 and Colo. Rev. Stat. § 1-13-713, pursuant to 42 U.S.C. § 1983, for "failing and refusing to disclaim any intent to criminally prosecute Plaintiffs…if they voted for anyone for President and Vice-President other than Clinton and Kaine"; for prospective injunctive relief from Defendants "intimidating, threatening, and/or coercing Plaintiffs or other presidential Electors," in violation of these rights, pursuant to § 1983; and violation of their constitutional right to equal protection under § 1983 resulting from Defendants' refusal "to disclaim any intent to criminally prosecute Plaintiffs," for voting for someone for President or Vice-President other than the popular vote winner of the state. [#44-1 at 12-17]. Plaintiffs asserted in their Motion to Amend that "events leading up to and during" the Electoral College vote give rise to the new claims advanced under § 1983. [#44 at 2]. Some of the proposed allegations involve Elector Micheal Baca, a non-party, whom Defendant Williams referred to Defendant Coffman for criminal investigation after Mr. Baca cast his vote for President for John Kasich instead of Hillary Clinton. [#44-1 at ¶¶ 49, 65].

On March 21, 2017, Defendants filed a Response stating that, upon review of the proposed amended complaint, they would not oppose the Motion to Amend, but that they intend

---

[1] Section 1-4-304(5) requires electors to vote for the presidential candidate and, by separate ballot, vice-presidential candidate who received the highest number of votes at the preceding general election in Colorado. Section 1-13-723 makes it a crime for any officer "upon whom any duty is imposed by any election law" to "neglect[] or omit[] to perform" the duty as imposed.

to file a renewed Motion to Dismiss, anticipating that the court will deny as moot their pending Motion to Dismiss as a motion directed at an inoperative pleading. *See* [#48 at 2]. The Intervenors joined Defendants' Response. *See* [#49]. On April 28, 2017, this court issued a Recommendation that the Motion to Amend be granted.[2] [#50]. Neither side filed an objection to the Recommendation.

At this time, the Recommendation remains pending, the Complaint is the operative pleading, and the Motion to Dismiss has not been mooted. During oral argument on the Motion to Stay, held May 23, 2017, counsel for Defendants confirmed that to the extent Senior Judge Daniel adopts the Recommendation on the Motion to Amend, they would renew their Motion to Dismiss, albeit to include additional argument regarding the new claims.

## ANALYSIS

**I.   Applicable Law**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Although courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corporation*

---

[2] This court notes that Senior Judge Daniel has previously observed that motions to amend are generally deemed nondispositive because they do not dispose of a claim or defense of a party. *See Patterson v. Powdermonarch, LLC*, No. 16-cv-00411-WYD-NYW, [ECF. No. 100] (D. Colo. May 22, 2017). As noted in the Recommendation in this action, this court construed the Motion to Amend as a dispositive motion given the language of Local Rule 72.3. D.C.COLO.LCivR 72.3; [#50 at 1 n.1].

*v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), such a stay may be appropriate pending the resolution of a dispositive motion. *Ellis v. J.R.'s County Stores, Inc.*, 12–cv–01916–CMA–KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012). *See also* Fed. R. Civ. P. 26(c) (authorizing the court to issue, for good cause shown, "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action, whether defendants will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Ellis*, 2012 WL 6153513, at *1 (quoting 8 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2040, at 521–22 (2d ed.1994)) (further citations omitted). *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all

concerned, and to make the most efficient use of judicial resources.") (internal quotation marks and citation omitted).

## II. Application

Defendants argue that the five factors identified by the court in *String Cheese Incident* counsel the court to grant their Motion to Stay. First, they contend, a stay causes no real prejudice to Plaintiffs because the members of the Electoral College have already met and cast their ballots, and Congress accepted the results on January 6, 2017, and thus the urgency underpinning the Motion for Temporary Restraining Order and Preliminary Injunction is no longer at issue. Furthermore, Plaintiffs do not need discovery to defend against the Motion to Dismiss, which implicates the court's jurisdiction and the sufficiency of Plaintiffs' pleading. *See* [#31 at 4]. Second, Defendants assert that the Secretary of State's office has identified approximately 7,000 records as potentially relevant under Rule 26(a)(1), and that the process to review these materials for responsiveness and privilege will consume approximately 150 hours "of combined attorney and employee time," which is particularly burdensome in the sense that discovery and disclosures will be rendered unnecessary if the court grants the Motion to Dismiss. [*Id.* at 5; *see also* #31-2]. Defendants opine that the court will likely grant the Motion to Dismiss considering that Senior Judge Daniel has already found that Plaintiffs could not demonstrate a substantial likelihood of success on the merits of their claims. [*Id.*] Third, Defendants argue that a stay relieves the court from adjudicating discovery disputes and otherwise intervening in discovery matters that may be rendered moot if the court grants the Motion to Dismiss. [*Id.*] Fourth, Defendants assert that a stay furthers the interests of Mr. Baca, a non-party, as he may elect to exercise his Fifth Amendment right to remain silent pending resolution of the criminal

investigation. [*Id.* at 6]. Finally, Defendants argue that the public "has an interest in the 'efficient and just' resolution of this case," which interest is furthered by avoiding wasteful litigation practice. [*Id.* (citing *Nguyen v. Am. Family Mut. Ins. Co.*, No. 15-cv- 00639-WJM-KLM, 2015 U.S. Dist. LEXIS 106643, at *4 (D. Colo. Aug. 13, 2015)].

Plaintiffs argue that the court should order the Parties to proceed with discovery altogether, but that if any stay is appropriate, it should not include Rule 26(a)(1) initial disclosures. *See* [#39 at 1]. Plaintiffs assert that they need access, through disclosures or discovery, to the following categories of documents so as to have "a full and fair opportunity to amend the Complaint as needed and obtain information necessary to respond to the motion to dismiss":

> 1) Defendant Williams' threats in the press, made after the Complaint was filed, to prosecute any elector who did not vote for Mrs. Clinton; 2) Defendant Williams' removal of Mr. Baca as an elector; and 3) Defendant Williams' referral of Mr. Baca for criminal investigation, will be important for potential § 1983 claims – the violation of Plaintiffs' constitutional rights to vote as electors – as well as standing arguments to help demonstrate that the Plaintiffs' claims are "capable of repetition but evading review."

[*Id.* at 4 (citation omitted)]. Plaintiffs also assert that while the presidential election that gave rise to these issues has concluded, "many of these same issues and challenges to Colorado's binding statute, C.R.S. § 1-4-304, will rise again and [they] may be electors again since they have both been electors on more than once occasion." [*Id.*] They contend that a stay of discovery places them in jeopardy of "still lack[ing] clarity" by the time the Republican Party chooses electors in the summer of 2019, should the court grant a motion to dismiss and the Tenth Circuit reverse and remand the court's decision. [*Id.* at 2]. Plaintiffs next argue that the information they seek poses no burden to Defendants. The documents they believe are

responsive are limited in time to November 2016 to the present, and the persons who have relevant knowledge are those "few people involved in the communications with Plaintiffs before the ballots were cast and the persons involved in the decision-making process and casting of ballots between mid-November 2016 and December 19, 2016." [*Id.*] Plaintiffs argue Defendants offer no support for claiming that responsive documents amount to the several thousands, and suggest that the court limit Defendants' search to using the words "elector," "Baca," and "Nemanich" from August 2016 to the present to lessen any burden on Defendants. [*Id.*]

On Reply, Defendants emphasize that a stay would amount to only a short period of time because briefing on the Motion to Dismiss is nearly complete. [#43 at 1]. They also argue that neither this District's case law nor the Federal Rules of Civil Procedure contemplate the use of discovery to bolster a pleading, and Plaintiffs have provided no evidentiary basis to demonstrate that any burden they may incur as a result of a stay is greater than the burden Defendants would experience in expending the man hours to produce responsive documents in light of the possibility that their Motion to Dismiss may be granted.

Clearly, developments have transpired since Defendants filed their Motion to Stay that necessarily change the calculation of how long a stay could last. Defendants generally do not oppose the Motion to Amend and indeed contemplate filing a new motion to dismiss once and if the court accepts the proposed Amended Complaint. If Senior Judge Daniel accepts the new pleading, and Defendants file a new motion to dismiss, a stay of all discovery could potentially permeate into spring of 2018. On its face, the prospect of staying discovery past a year from when Plaintiffs initiated this action appears prejudicial. However, Plaintiffs do not argue that

9

they risk spoliation of evidence during a lengthy delay. While Plaintiffs' counsel stated in a January 2017 email to Defendants' counsel that "preservation of information is important," [#43-2], Plaintiffs argue in their Response to the Motion to Stay only that they need the identified materials to better craft their pleading and/or defend against the Motion to Dismiss. And Defendants assert, through the Declaration of Megan Waples, a Policy Analyst with the Colorado Department of State, that the Department has "taken steps to preserve the[] categories of information that Plaintiffs' counsel has requested." [#31-2 at ¶ 3]. Furthermore, Plaintiffs' attorney appears to have acknowledged, in the same January email, that "CORA [Colorado Open Records Act] requirements probably take care of most of [the preservation issue]…." [#43-2]. Plaintiffs' counsel also conceded at that time that he did not "anticipate a lot of discovery in this case as it is really a dec action on the constitutionality of statutes." [*Id.*] Accordingly, the preservation of specific evidence does not appear to be a concern. However, to the extent that document preservation remains an issue, this court will order that documents relevant to this action, including but not limited to documents that would be discoverable pursuant to Rule 26(a)(1), be maintained throughout the course of this action and any subsequent appeal(s).

In addition, Plaintiffs have now filed a proposed Amended Complaint and have done so without the benefit of any discovery. Although the proposed Amended Complaint adds new claims and allegations, it appears that the essence of the dispute remains the constitutionality of a state statute, now two state statutes. This court concurs with Plaintiffs' counsel's assessment in his email correspondence that the constitutionality of a statute is not a question that generally rises or falls on fact discovery. To the extent Plaintiffs contemplate additional amendments to their pleading following an exchange of disclosures or after they engage in discovery, or to avoid

a motion to dismiss by converting it to one for summary judgment as suggested during oral argument, Defendants are correct that courts do not allow parties to use the discovery process as a "fishing expedition" to develop claims. *Cuomo v. Clearing House Ass'n, LLC,* 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through…records for evidence of some unknown wrongdoing"); *Barrett v. University of New Mexico Bd. of Regents*, 562 F. App'x 692, 695 (10th Cir. 2014). To the extent Plaintiffs feel they need the disclosures to respond to a motion to dismiss, I note that the currently pending Motion to Dismiss seeks dismissal for jurisdictional reasons in addition to pleading deficiencies. *See* [#35]. Defendants' Rule 12(b)(1) argument is grounded in mootness and standing, and no new facts before the court indicate that Defendants would omit these jurisdictional arguments from a renewed motion to dismiss. Courts in this District have found that staying discovery pending the resolution of a jurisdictional challenge is a proper use of discretion and promotes efficiency. *See, e.g., Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, Case No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013); *Steinmier v. Donley,* Case No. 09-CV-01260-KMT-BNB, 2010 WL 1576714, at *1 (D. Colo. Apr. 20, 2010). In addition, when considering motions to dismiss in which the sufficiency of the pleadings is challenged, the court takes all well-pled factual allegations in a pleading as true, and draws all reasonable inferences in favor of the non-moving party. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

On balance, I find that a stay of all discovery, including disclosures, is proper. In so finding, I have considered the nature of Plaintiffs' claims, the type of discovery sought, and the reasons they say they need the discovery. I have also considered the nature of Defendants' arguments as raised in the Motion to Dismiss, and the prejudice Plaintiffs assert they will incur,

which appears to be relatively small and speculative, compared to the burden placed on Defendants of generating production that may ultimately be unnecessary.[3]

For the foregoing reasons, **IT IS ORDERED** that:

1. The Motion to Stay Discovery and Disclosures and for Protective Order Under Fed. R. Civ. P. 26(c) [#31] is **GRANTED**;

2. Defendants and Intervenors are **ORDERED to PRESERVE** all documents that could be relevant to this action under Rule 26(b)(1), including but not limited to any documents that would be identified and disclosed pursuant to Rule 26(a)(1) Initial Disclosures; and

3. The Parties shall file a joint status report with the court within five days following a disposition of either the original motion to dismiss or renewed motion to dismiss, depending on whether the original motion to dismiss is mooted and then replaced, should the ruling not dispose of the case in its entirety.

DATED: May 24, 2017

BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge

---

[3] Nothing in this Order should be construed as this court passing on the merits of Plaintiffs' operative claim or proposed claims.